**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund, Construction Industry Research Service Trust Fund, and International Union of Operating Engineers, Local 150, AFL-CIO, | CIVIL ACTION NO. |
| Plaintiffs, | |
| v. | |
| Structure Re-Right, Inc., an Illinois corporation; and Giovanni Broughton, an individual, | |
| Defendants. | |

**COMPLAINT**

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant Structure Re-Right, Inc., an Illinois corporation ("Structure Re-Right") and Defendant Giovanni Broughton, an individual (collectively, "Defendants").

## COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Structure Re-Right is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Chicago, Illinois.

3. In its corporate filings with the state of Illinois, Structure Re-Right identified Giovanni Broughton as President (Exhibit A).

4. On July 30, 2024, Structure Re-Right through Giovanni Broughton signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Illinois Heavy and Highway and Underground Agreement (attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Structure Re-Right to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Structure Re-Right to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

7. The CBA also requires Structure Re-Right to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Structure Re-Right with respect to CRF as it does the Funds.

8. The CBA further requires Structure Re-Right to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Structure Re-Right does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9. Structure Re-Right has become delinquent in the submission of its contributions due to the Funds and CRF and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.

14. Structure Re-Right has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Structure Re-Right, there is a total of $43,127.48 currently known to be due the Funds from Structure Re-Right, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Structure Re-Right for all unpaid contributions as identified in Structure Re-Right's contribution reports;

B. Enjoin Structure Re-Right to perform specifically its obligations to the Funds, including submission of contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enter judgment against Structure Re-Right and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

D. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Structure Re-Right's cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-15. CRF re-alleges and incorporates herein by reference paragraphs 1 through 15 of Count I as if fully stated herein.

### Jurisdiction and Venue

16. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

17. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18. Structure Re-Right has failed to make timely payment of all contributions acknowledged to be due according to Structure Re-Right's own contribution reports and the collective bargaining agreement, and Structure Re-Right has failed to pay interest and liquidated damages required by the CBA. Accordingly, Structure Re-Right is in breach of its obligations to the CRF under the CBA.

19. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Structure Re-Right, there is a total of $1,700.24 currently known to be due to CRF from Structure Re-Right subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Structure Re-Right to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Structure Re-Right for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs;

C. Enjoin Structure Re-Right to perform specifically its obligations to CRF including timely submission of contributions as required by the plans and the CBA;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Structure Re-Right's cost.

## COUNT III.  SUIT TO COLLECT UNION DUES

1-9. The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12. Structure Re-Right has failed to make timely payment of all dues acknowledged to be due according to Structure Re-Right's own reports and the collective bargaining agreement. Structure Re-Right is required to pay liquidated damages by the CBA. Accordingly, Structure Re-Right is in breach of its obligations to the Union under the CBA.

13. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Structure Re-Right, there is a total of $1,711.42 currently known to be due to the Union from Structure Re-Right before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

6

A. Enter judgment in favor of the Union and against Structure Re-Right for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs;

B. Enjoin Structure Re-Right to perform specifically its obligations to the Union including timely submission of contributions as required by the plans and the CBA;

C. Award the Union such further relief as may be deemed just and equitable by the Court, all at Structure Re-Right's cost.

## COUNT IV.  SUIT FOR BREACH OF PAYMENT PLAN

1-9. The Funds re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

## Jurisdiction and Venue

10. On November 25, 2025, Plaintiffs and Defendants, including Giovanni Broughton individually, entered into a Payment Plan (Exhibit D).  That Payment Plan required Defendants to make two installment payments on or before November 26, 2025, and December 15, 2025, respectively.

11. On December 1, 2025, Structure Re-Right paid the first installment of $45,000 late, with Plaintiffs' permission (Exhibit E at Page 3).

12. On December 12, 2025, Plaintiffs' counsel emailed Giovanni Broughton and her husband, Kareem Broughton, as a courtesy to remind them that the second and final installment payment was due December 15, 2025 (Exhibit E at Page 2).  That same day, Kareem Broughton called Plaintiffs' counsel to inform him that they may need until December 17, 2025, to make that payment (Exhibit E at Page 1).

13. On December 16, Plaintiffs' counsel informed Giovanni Broughton and Kareem Broughton that because no payment had been made by December 15, 2025, Structure Re-Right now owed an addition $407.59 in late payment schedule interest, bringing the outstanding

7

balance at the time to $41,166.75 (Exhibit E at Page 2). Giovanni Broughton responded that same day, acknowledging the updated amount (Exhibit E at Page 1).

14. Defendants made no payment on or before December 17, 2025. Plaintiffs' have received no payment from Defendants since December 1, 2025.

15. On December 19, 2025, Plaintiffs' counsel emailed Giovanni Broughton and Kareem Broughton to inquire regarding the status of the payment (Exhibit E at Page 1). Counsel stated that unless payment was made by December 22, 2025, Plaintiffs would file suit against Structure Re-Right and Giovanni Broughton due to the breach of the Payment Plan. Neither Giovanni Broughton nor Kareem Broughton, nor anyone else on behalf of Defendants, responded.

16. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBA. Furthermore, Structure Re-Right stipulated to the jurisdiction of this Court in the Payment Plan.

17. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

**Allegations of Violations**

18. Structure Re-Right has breached its obligations under the Payment Plan because it has failed to make an installment payment timely. Structure Re-Right has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled, and Structure Re-Right consented under the Payment Plan, to the entry of judgment against Structure Re-Right for all amounts identified as due in the Payment Plan and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

19. That upon careful review of all records maintained by the Funds and after application of any and all partial payments made by Structure Re-Right, there is a total of $46,539.14 known to be due to the Funds, the Union, and CRF from Structure Re-Right, before the assessment of attorneys' fees and costs, subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Structure Re-Right owes additional contributions and dues not yet identified by Structure Re-Right in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that the Court find that Defendants consented to judgment and therefore enter judgment in favor of the Funds, the Union, and CRF for unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

### COUNT V.    SUIT TO ENFORCE PERSONAL GUARANTEE

1-9. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I and paragraphs 10-15 of Count IV as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this claim because it is a suit by an employee welfare benefit plan and a labor organization that have their respective headquarters within this jurisdictional district. 29 U.S.C. § 185. This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Individual Name stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

11. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue also is proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

**Allegations of Violations**

12. Giovanni Broughton signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to the Funds, the Union, and CRF. Giovanni Broughton also consented to the entry of judgment against her in the event that Structure Re-Right breached the Payment Plan.

13. Structure Re-Right has breached its obligations under the Payment Plan because it has failed to make its' installment payments timely, and failed to submit its contributions and dues timely. Structure Re-Right has failed to pay liquidated damages and interest that have accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against Giovanni Broughton for all amounts identified as due in the Payment Plan and all sums that became due following the execution of the Payment Plan.

14. That upon careful review of all records and after application of any and all partial payments made by Structure Re-Right, there is a total of $46,539.14 known to be due the Funds, the Union, and CRF from Giovanni Broughton, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Structure Re-Right owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that the Court find that Giovanni Broughton consented to judgment against her personally and therefore enter judgment against Giovanni Broughton and in favor of the Funds, the Union, and CRF for all

unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: January 7, 2026            Respectfully submitted,

By:   /s/Emil P. Totonchi
     One of the Attorneys for the Plaintiffs

| Attorneys for Local 150: | Attorneys for the Funds and CRF: |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* | Dale D. Pierson *(dpierson@local150.org)* |
| Emil P. Totonchi (*etotonchi@local150.org*) | Emil P. Totonchi (*etotonchi@local150.org*) |
| Local 150 Legal Department | Institute for Worker Welfare, P.C. |
| 6140 Joliet Road | 6141 Joliet Road |
| Countryside, IL 60525 | Countryside, IL 60525 |
| Ph: (708) 579-6628 | Ph: (708) 579-6628 |
| Fx: (708) 588-1647 | Fx: (708) 588-1647 |